Hearing Date:  February 21, 2018
Time:  11:00 a.m.
Location:  Courtroom #1, Philadelphia, PA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| MAJOR EVENTS GROUP, LLC, | : | BANKR. NO. 18-10112ELF |
| | : | |
| Debtor. | : | |

**ACTING UNITED STATES TRUSTEE'S MOTION FOR SANCTIONS AGAINST MICHAEL P. KUTZER, ESQUIRE FOR VIOLATION OF FED.R.BANK.P. 9011**

The Acting U. S. trustee for Region 3 (the "U. S. trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), hereby moves, pursuant to 11 U.S.C. § 105 and Fed.R.Bank.P. 9011 for the entry of an order finding Michael P. Kutzer, Esquire in violation of Fed.R.Bank.P. 9011(b), and imposing sanctions pursuant to Fed.R.Bank.P. 9011(c).  In support of his motion, the U. S. trustee represents as follows:

1. This case was commenced on January 8, 2018, by the filing voluntary petition (the "Petition") under chapter 11 of the United States Bankruptcy Code.  A copy of the Petition is attached as *Exhibit A*.

2. The Petition bears the electronic signature of Michael P. Kutzer, Esq. ("Attorney Kutzer") who, upon information and belief, prepared and filed the Petition and represented Major Events Group, LLC (the "Debtor") in the preparation for and commencement of its bankruptcy case.

3. The form of Petition used by Mr. Kutzer was incorrect, being the form applicable to individuals filing for bankruptcy (Form 101) instead of the form applicable to

entities seeking relief under the Bankruptcy Code (Form 201).

4. The Petition was not signed by an individual on behalf of the Debtor. Instead, Attorney Kutzer placed the Debtor's name on the signature line for the petitioning debtor.

5. Further, Attorney Kutzer failed to file with the Petition both evidence of authority to file a petition for relief under the Bankruptcy Code as required under L.B.R. 1002-1 and the Matrix List of Creditors as required under L.B.R. 1007-2(d).

6. Attorney Kutzer also failed to file the statement required under Fed.R.Bankr.P. 2016(b).

7. On January 9, 2018, an order was entered requiring the Debtor to show cause why the case should not be dismissed for, *inter alia*, the failure to comply with the above referenced rules.

8. The Show Cause hearing was held on January 11, 2018. Neither the Debtor nor Attorney Kutzer appeared at the hearing, and an order was entered dismissing the Debtor's case. The Court retained jurisdiction to address issues regarding compensation and/or the imposition of sanctions.

9. Upon information and belief, the Petition commencing this case was filed for the sole or primary purpose of delaying and hindering one or more of the Debtor's creditors from pursuing their state law remedies regarding mortgages and/or security interests they hold on the Debtor's property(ies).

10. Fed.R.Bank.P. 9011(a) requires that all petitions be signed by the attorney representing the debtor(s), if any. As stated above, Attorney Kutzer signed the Petition

commencing this case, and upon information and belief, prepared and filed the Petition.

11. Fed.R.Bank.P. 9011(b) provides that "by presenting to the court (whether by . . . filing [or] submitting . . . ) a petition . . . an attorney . . . is certifying that to the best of their person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, — (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" and . . . (3) the factual contentions have "evidentiary support."

12. By preparing, signing and then filing the Petition for the Debtor, Attorney Kutzer certified, *inter alia*, that the filing of the Petition authorized and that it was not being presented for any improper purpose, such as to harass the Debtor's creditors, or to cause them any unnecessary delay or needless increase in the cost of litigation.

13. Contrary to this certification, Attorney Kutzer provided no evidence to support his contention that the filing of the Petition was authorized by the Debtor as required pursuant to the rules referenced above.

14. Further, it appears that the sole or primary purpose for commencing this case was to cause the Debtor's creditors unnecessary delay and needless increase in the cost of litigation.

15. If the court finds that Fed.R.Bank.P. 9011(b) was violated, sanctions may be imposed under Fed.R.Bank.P. 9011(c). The U. S. trustee contends that counsel violated Rule 9011(b), and that sanctions against Attorney Kutzer are appropriate in this case.

For the reasons set forth above, among others, the U. S. trustee respectfully requests that the Court conduct a hearing on the above issues and enter an order finding that

Michael P. Kutzer, Esq. violated the provisions of Fed.R.Bank.P. 9011(b) and imposing monetary sanctions for such violation. The U. S. trustee specifically reserves the right to supplement his motion at or prior to the hearing thereon.

DATED this  16th  day of January, 2018.

ANDREW R. VARA
Acting United States trustee


By:  /s/ Dave P. Adams
Dave P. Adams
833 Chestnut Street, Suite 500
Philadelphia, Pennsylvania  19107
(215) 597-4411
(215) 597-5795 (fax)